## TEXAS & N. O. R. CO. v. WEST.

No. 3011.

Court of Civil Appeals of Texas. Beaumont.

Oct. 15, 1936.

B. W. Teagarden, of San Antonio, and DeWitt Murray, of Floresville, for appellant.

D. Richard Voges, of Floresville, for appellee.

WALKER, Chief Justice.

This appeal was originally filed in the San Antonio Court of Civil Appeals, then transferred to this court by order of the Supreme Court.

The appeal was from a judgment of the county court of Wilson county, awarding appellee, R. L. West, on the verdict of a jury, $193.40, against appellant, Texas & New Orleans Railroad Company, for damages to a shipment of watermelons originating in Stockdale, Tex., and, by the bill of lading, consigned to Cochrane Brokerage Company, Kansas City, Mo. Appellant has duly briefed its appeal, but appellee has filed no briefs.

We sustain the following propositions against the judgment, based upon the statement made by appellant in its brief; there was no testimony on the following issues: (a) The extent of the damage to the watermelons; (b) the market value of the watermelons at the point of destination in their damaged condition; (c) the market value of the melons had they been delivered in good condition and without damage.

The court erred in receiving in evidence the following written instruments offered by appellee without any supporting testimony as to their verity:

Exhibit No. 2, Account Sales of Cochrane Brokerage Co., Car 32998, 8/9/33. Introduced .... 18
Set Out ...................... 18 19
Exhibit No. 3, Diversion Order, Car 32998, Kansas City to Trenton, Missouri, 7/11/33. Introduced ...................... 23
Set Out ...................... 24
Exhibit No. 4, Freight Bill, Car 32998, Rock Island Ry. Co., 7/13/33. Introduced ............ 26
Set Out ...................,..-........ 26 28
Exhibit No. 5, Claim for Damage, Cochrane Brokerage Co. to M. K. & T., 7/9/33. Introduced ....... 35
Set Out ...................... 35 36

The witness F. C. Weaver, offered by appellee, was not qualified to testify as to the market value of watermelons in Kansas City nor in Trenton, the point to which the melons were diverted from Kansas City.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.